■ MYLEEN SNYDER, Appellant, v VICTORIA E. RIVERA et al., Respondents. [951 NYS2d 233]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Dutchess County (Brands, J.), dated June 2, 2011, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d), and (2), as limited by her brief, from so much of an order of the same court, dated October 24, 2011, as denied that branch of her motion which was for leave to renew her opposition to the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order dated June 2, 2011, is reversed, on the law, and the defendants' motion for summary judgment dismissing the complaint is denied; and it is further,

Ordered that the appeal from the order dated October 24, 2011, is dismissed as academic, in light of our determination on the appeal from the order dated June 2, 2011; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that the lumbosacral region of her spine sustained certain injuries as a result of the accident. Although the defendants asserted that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), the defendants failed to provide competent medical evidence establishing, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Kelly v Ghee*, 87 AD3d 1054, 1055 [2011]). Furthermore, although the defendants asserted that those alleged injuries were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]), the defendants' own evidentiary submissions demonstrated the existence of a triable issue of fact as to whether those alleged injuries were caused by the subject accident (*see Kelly v Ghee*, 87 AD3d at 1055).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see id.*).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

The plaintiff's remaining contention is academic in light of our determination. Rivera, J.P., Florio, Dickerson and Lott, JJ., concur.