In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Rockland County (Walsh II, J.), dated June 20, 2012, which granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the defendants’ motion for summary judgment dismissing the complaint is denied.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002] ; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]).
The plaintiff alleged, inter alia, that he sustained injuries to the cervical and lumbosacral regions of his spine as a result of the accident. Although the defendants contended that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d), they failed to provide competent medical evidence establishing, prima facie, that the alleged injuries did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Snyder v Rivera, 98 AD3d 1104, 1105 [2012]; Kelly v Ghee, 87 AD3d 1054, 1055 [2011]). Moreover, despite the fact that they maintained that the alleged injuries were not caused by the subject accident, the defendants’ own evidentiary submissions demonstrated the existence of a triable issue of fact as to whether those alleged injuries were caused by the subject accident (see Snyder v Rivera, 98 AD3d at 1105; Kelly v Ghee, 87 AD3d at 1055).
In light of the defendants’ failure to meet their prima facie burden, it is unnecessary to consider the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court should have denied the *926 defendants’ motion for summary judgment dismissing the complaint. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.