■ CHARLES HOLIDAY et al., Appellants, v UNITED STEEL PRODUCTS, INC., et al., Respondents. [31 NYS3d 195]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated March 16, 2015, which granted

the defendants' motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of establishing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff Charles Holiday did not sustain a serious injury to the cervical region of his spine and his shoulders under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Straussberg v Marghub*, 108 AD3d 694 [2013]; *Snyder v Rivera*, 98 AD3d 1104, 1105 [2012]; *Kelly v Ghee*, 87 AD3d 1054, 1055 [2011]). In addition, the defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff Mara Holiday did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Straussberg v Marghub*, 108 AD3d at 694; *Snyder v Rivera*, 98 AD3d at 1105; *Kelly v Ghee*, 87 AD3d at 1055).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Snyder v Rivera*, 98 AD3d at 1105).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Austin, J.P., Cohen, Miller and Duffy, JJ., concur.