In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 6, 2013, as granted the defendants’ motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]), as the defendants’ own expert found significant limitations in the range of motion of both of the plaintiffs shoulders.
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851 [1985]; Che Hong Kim v Kossoff, 90 AD3d 969 [2011]). Accordingly, the Supreme Court should have denied the defendants’ motion for summary judgment dismissing the complaint.
Balkin, J.E, Roman, Sgroi and Miller, JJ., concur.