■ DAVIDA R. GOLDSTEIN et al., Appellants, v JOSE M. BAEZ et al., Respondents. [17 NYS3d 313]—In an action, inter alia, to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (DiBella, J.), dated February 18, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Davida R. Goldstein did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff Davida R. Goldstein (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]), as the defendants' expert found significant limitations in the range of motion in the cervical region of her spine (*see Miller v Bratsilova*, 118 AD3d 761 [2014]). The defendants also failed to establish,

prima facie, a lack of causation, as their expert opined that there was a probable causal relationship between the subject accident and the injured plaintiff's injuries.

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.