■ RODNEY MERCADO, Appellant, v LEWIS H. MENDOZA et al., Respondents. [19 NYS3d 757]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Gavrin, J.), dated October 7, 2013, as granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendants' cross motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of demonstrating that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 955-956 [1992]), as the defendants' expert found significant limitations in the range of motion in the lumbar region of the plaintiff's spine (*see Miller v Bratsilova*, 118 AD3d 761 [2014]). The defendants' expert failed to adequately explain and substantiate his belief that the limitation of motion in the lumbar region of the plaintiff's spine was self-imposed (*see India v O'Connor*, 97 AD3d 796 [2012]; *cf. Perl v Meher*, 18 NY3d 208, 219 [2011]; *Gonzales v Fiallo*, 47 AD3d 760 [2008]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Balkin, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.