In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens *1059 County (Weiss, J.), dated May 15, 2015, which granted the motion of the defendants Janice A. Dayson and Abbott Laboratories for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Janice A. Dayson and Abbott Laboratories for summary judgment dismissing the complaint insofar as asserted against them is denied.
The defendants Janice A. Dyson and Abbott Laboratories (hereinafter together the moving defendants) failed to meet their primá facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]), as one of their experts found significant limitations in the range of motion of the lumbar region of the plaintiff’s spine, and did not offer an opinion as to the cause of those limitations (see Mercado v Mendoza, 133 AD3d 833, 834 [2015]; Miller v Bratsilova, 118 AD3d 761 [2014]).
Since the moving defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969 [2011]).
Accordingly, the Supreme Court should have denied the moving defendants’ motion for summary judgment dismissing the complaint insofar as asserted against them.
Rivera, J.R, Balkin, Dickerson and Hinds-Radix, JJ., concur.