■ EDWARD TAGLIARINO, Appellant, v PETER S. STAAB, JR., et al., Respondents. [33 NYS3d 748]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Asher, J.), entered February 4, 2015, which, upon an order of the same court dated January 5, 2015, granting the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, the complaint is reinstated, and the order is modified accordingly.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in his bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]; *Rouach v Betts*, 71 AD3d 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897 [2002]). Moreover, one of the defendants' experts found significant limitations in the range of motion of the plaintiff's left thumb (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761 [2014]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Ac-

cordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Balkin, J.P., Hall, Barros and Connolly, JJ., concur.