■ SHANELLE DEAN et al., Appellants, v SHARON COFFEE-DEAN et al., Respondents. [41 NYS3d 750]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Queens County (Lane, J.), entered June 18, 2015, which granted the motion of the defendants Sharon Coffee-Dean and Paul Adderly, and the separate motion of the defendants Nicole J. Peyrafitte and Pierre J. Joris, for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint are denied.

The defendants failed to meet their prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff Shanelle Dean did not sustain a serious injury to the cervical and lumbar regions of her spine and that the plaintiff Brian Harrison did not sustain a serious injury to the lumbar region of his spine, under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as one of the defendants' experts found significant limitations in the range of motion of those body parts (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761 [2014]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment

dismissing the complaint. Eng, P.J., Austin, Roman and Cohen, JJ., concur.