■ Gaby Ramos, Appellant, v Intiyaz M. Baig et al., Respondents. (And a Third-Party Action.) [41 NYS3d 902]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Lane, J.), entered October 21, 2014, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to make a prima facie showing that

the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants' own submissions revealed significant limitations in the range of motion of the plaintiff's spine and right shoulder (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761 [2014]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]; *Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment. Rivera, J.P., Austin, Hinds-Radix and Maltese, JJ., concur.