■ FLOYD COCKBURN, Appellant, v JENNIFER MARIE NEAL et al., Respondents. [44 NYS3d 59]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schmidt, J.), dated June 26, 2013, which granted the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with one bill of costs, and the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them are denied.

In support of their separate motions for summary judgment dismissing the complaint insofar as asserted against each of them, the defendants failed to meet their respective prima facie burdens of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956 [1992]). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to his left knee under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as one of the experts relied upon by both of the defendants found significant limitations in the range of motion of the left knee (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761, 761 [2014]). In addition, the papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Che Hong Kim v Kossoff*, 90 AD3d 969, 969 [2011]; *Rouach v Betts*, 71 AD3d 977, 977 [2010]; *cf. Calucci v Baker*, 299 AD2d 897, 898 [2002]).

Since the defendants failed to meet their respective prima facie burdens, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969). Accordingly, the Supreme Court should have denied the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. Rivera, J.P., Roman, Cohen and Miller, JJ., concur.