■ HYUNWON KANG, Appellant, v GREGORY GUILLEN et al., Respondents. [57 NYS3d 501]—In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Weiss, J.), dated March 14, 2016, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs,

and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to his right shoulder or the cervical and lumbar regions of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as the defendants' expert found significant limitations in the range of motion of those body parts (*see Mercado v Mendoza*, 133 AD3d 833, 834 [2015]; *Miller v Bratsilova*, 118 AD3d 761 [2014]). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Leventhal, Austin and Cohen, JJ., concur.