In an action to recover damages for personal injuries, the plaintiff Melanie Barnes appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated December 4, 2015, as granted those branches of the motion of the defendant Howard D. Harrison and the separate motion of the defendants New York City Transit Authority, MABSTOA, MTA, MTA Bus Company, and Kenton D. Garrett which were for summary judgment dismissing the complaint insofar as asserted by her against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
 

 Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the defendants appearing separately and filing separate briefs, and those branches of the defendants’ separate motions which were for summary judgment dismissing the complaint insofar as asserted by the plaintiff Melanie Barnes against each of them on the ground that she did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident are denied.
 

 On July 3, 2011, a bus operated by the defendant Kenton D. Garrett and owned by the defendant New York City Transit Authority (hereinafter NYCTA) allegedly was involved in an accident with a vehicle owned and operated by the defendant Howard D. Harrison at an intersection in Brooklyn. The plaintiffs were passengers on the bus. They commenced this action to recover damages for personal injuries against Garrett, NYCTA, and others (hereinafter collectively the NYCTA defendants), as well as against Harrison. Thereafter, Harrison moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident. The NYCTA defendants separately moved for summary judgment dismissing the complaint and all cross claims insofar as asserted against them on the same ground. The Supreme Court granted the motions. The plaintiff Melanie Barnes appeals from so much of the order as granted those branches of the motions which were for summary judgment dismissing the complaint insofar as asserted by her.
 

 The NYCTA defendants failed to meet their prima facie burden of showing that Barnes did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The NYCTA defendants failed to submit competent medical evidence establishing, prima facie, that Barnes did not sustain a serious injury to her left shoulder under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d), as their expert found significant limitations in the range of motion of Barnes’s left shoulder (see Mercado v Mendoza, 133 AD3d 833, 834 [2015]; Miller v Bratsilova, 118 AD3d 761 [2014]). Accordingly, the Supreme Court should have denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted by Barnes against them, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
 

 Harrison met his prima facie burden of showing that Barnes did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d at 956-957). He submitted competent medical evidence establishing, prima facie, that Barnes did not sustain a serious injury to her left shoulder or to the cervical or lumbar regions of her spine (see Master v Boiakhtchion, 122 AD3d 589, 590 [2014]). In opposition, however, Barnes submitted evidence raising a triable issue of fact as to whether she sustained serious injuries to her left shoulder and the cervical and lumber regions of her spine (see Perl v Meher, 18 NY3d 208, 215-218 [2011]). Thus, the Supreme Court should have denied that branch of Harrison’s motion which was for summary judgment dismissing the complaint insofar as asserted by Barnes against him.
 

 Balkin, J.P., Miller, Duffy, LaSalle and Brathwaite Nelson, JJ., concur.