Nuñez v Teel (2018 NY Slip Op 04745)





Nuñez v Teel


2018 NY Slip Op 04745


Decided on June 27, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 27, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-11062
 (Index No. 506347/13)

[*1]Denisse Nuñez, plaintiff, Juan Alies, appellant,
v
Taneka Shante Teel, respondent (and a third-party action).


Yadgarov & Associates, PLLC, New York, NY (Ronald S. Ramo of counsel), for appellant.
Richard T. Lau, Jericho, NY (Gene W. Wiggins of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Juan Alies appeals from an order of the Supreme Court, Kings County (Johnny Lee Baynes, J.), dated April 21, 2016. The order granted the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Juan Alies.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint insofar as asserted by the plaintiff Juan Alies is denied.
This action arises from a motor vehicle accident that occurred on the Belt Parkway in Queens on January 29, 2011. The plaintiffs commenced this action to recover damages for personal injuries they allegedly sustained in the accident. The defendant moved for summary judgment dismissing the complaint insofar as asserted by the plaintiff Juan Alies on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In the order appealed from, the Supreme Court granted the defendant's motion. Alies appeals. We reverse.
"[A] defendant can establish that the plaintiff's injuries are not serious within the meaning of Insurance Law § 5102(d) by submitting the affidavits or affirmations of medical experts who examined the plaintiff and conclude that no objective medical findings support the plaintiff's claim" (Grossman v Wright, 268 AD2d 79, 83-84). Here, the defendant submitted, in support of her [*2]motion, an affirmed report from her expert, who found a significant limitation in the range of motion in the cervical region of Alies's spine. Accordingly, the defendant failed to establish, prima facie, that Alies did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Rivera v Losee, 138 AD3d 713, 713; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761, 761). Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851). Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint insofar as asserted by Alies.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court