Singleton v F & R Royal, Inc. (2018 NY Slip Op 07772)





Singleton v F & R Royal, Inc.


2018 NY Slip Op 07772


Decided on November 14, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 14, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
LEONARD B. AUSTIN
JEFFREY A. COHEN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2016-07607
 (Index No. 5664/13)

[*1]Darlene Singleton, et al., appellants,
v F and R Royal, Inc., et al., respondents.


Parker Waichman LLP, Port Washington, NY (Jay L. T. Breakstone of counsel), for appellants.
Marjorie E. Bornes, Brooklyn, NY, for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (David B. Vaughan, J.), dated May 25, 2016. The order, insofar as appealed from, granted that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Darlene Singleton.
ORDERED that the appeal by the plaintiff Prince Singleton is dismissed, as he is not aggrieved by the portion of the order appealed from (see CPLR 5511); and it is further,
ORDERED that the order is reversed insofar as appealed from by the plaintiff Darlene Singleton, on the law, and that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by the plaintiff Darlene Singleton is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff Darlene Singleton.
The plaintiffs, Darlene Singleton and Prince Singleton, commenced this action to recover damages for personal injuries they each allegedly sustained in a motor vehicle accident that occurred in Brooklyn. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court, inter alia, granted that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted by Darlene Singleton. The plaintiffs appeal.
The defendants failed to meet their burden of demonstrating that Darlene Singleton did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Darlene Singleton did not sustain a serious injury to her left knee under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their expert found significant limitations in the range of motion of that knee (see Mercado v [*2]Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). In addition, the papers submitted by the defendants failed to eliminate triable issues of fact regarding Darlene Singleton's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the opposing papers were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted by Darlene Singleton.
LEVENTHAL, J.P., AUSTIN, COHEN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court