Gui Hyun Na v Pena (2019 NY Slip Op 02318)





Gui Hyun Na v Pena


2019 NY Slip Op 02318


Decided on March 27, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 27, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-06548
 (Index No. 709490/14)

[*1]Gui Hyun Na, appellant,
v
Nancy Pena, respondent.


Andrew Park, P.C., New York, NY, for appellant.
Goldberg Miller & Rubin, P.C., New York, NY (Alexander W. Cogbill of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), dated May 5, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on October 29, 2014. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the defendant's motion. The plaintiff appeals.
The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to her left knee and left ankle under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761; cf. Staff v Yshua, 59 AD3d 614). In addition, the papers submitted by the defendant failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977).
Since the defendant failed to meet her prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
RIVERA, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court