Burt v MTA Bus Co. (2019 NY Slip Op 03562)





Burt v MTA Bus Co.


2019 NY Slip Op 03562


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2017-03623
 (Index No. 700843/14)

[*1]Jamika Burt, appellant, 
v
MTA Bus Company, respondent.


Leav & Steinberg, LLP, New York, NY (Brett J. Nedick of counsel), for appellant.
Chesney & Nicholas, LLP, Syosset, NY (John F. Janowski of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Allan B. Weiss, J.), entered March 7, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained while a passenger on a bus owned by the defendant. The defendant moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendant failed to meet its prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant's medical evidence demonstrated the existence of a triable issue of fact as to whether the plaintiff sustained a serious injury to the cervical and lumbar regions of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d), as one of its experts found significant limitations in the range of motion of the cervical and lumbar regions of the plaintiff's spine (see Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the defendant's evidentiary submissions demonstrated the existence of a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were caused by the accident (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Grant, 92 AD3d 725, 726). In addition, the papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897).
Since the defendant failed to meet its prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
AUSTIN, J.P., ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court