Jung Han v Dragonetti Landscaping (2019 NY Slip Op 05768)





Jung Han v Dragonetti Landscaping


2019 NY Slip Op 05768


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-12600
 (Index No. 511954/15)

[*1]Jung Han, respondent, 
v
Dragonetti Landscaping, et al., appellants.


Goldberg, Miller & Rubin, P.C., New York, NY (Alexander W. Cogbill and Matthew D. Lavorie of counsel), for appellants.
Andrew Park, P.C., New York, NY (Steve J. Park of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated October 4, 2017. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained in a motor vehicle accident. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the defendants' motion.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendants failed to eliminate triable issues of fact as to whether the plaintiff sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Burt v MTA Bus Co., ___ AD3d ___, 2019 NY Slip Op 03562 [2d Dept 2019]). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969, 969).
Accordingly, we agree with the Supreme Court's determination denying the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., BALKIN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court