Pierre v Wagner (2020 NY Slip Op 04885)





Pierre v Wagner


2020 NY Slip Op 04885


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
PAUL WOOTEN, JJ.


2018-12761
 (Index No. 5983/16)

[*1]Beitler A. Pierre, et al., appellants, 
v
Fred F. Wagner, et al., respondents.


Cellino & Barnes, P.C., Melville, NY (Joshua B. Sandberg of counsel), for appellants.
Martyn & Martyn, Mineola, NY (Anthony B. Benvegna of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Nassau County (James P. McCormack, J.), entered August 28, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiffs did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiffs, Beitler Pierre and Valerie Pierre, commenced this action, inter alia, to recover damages for personal injuries that they allegedly sustained in a motor vehicle accident which occurred on December 6, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff Beitler Pierre did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that Beitler Pierre did not sustain a serious injury to the cervical, lumbar, and thoracic regions of his spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as their expert found significant limitations in the range of motion of these body parts (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Since the defendants failed to meet their prima facie burden in this regard, it is unnecessary to determine whether the papers submitted in opposition concerning Beitler Pierre's injuries were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Che Hong Kim v Kossoff, 90 AD3d 969).
The defendants met their prima facie burden of showing that the plaintiff Valerie Pierre did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of [*2]the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d at 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injury to the cervical region of Valerie Pierre's spine did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs raised a triable issue of fact as to whether Valerie Pierre sustained a serious injury to the cervical region of her spine under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102(d) (see Perl v Meher, 18 NY3d 208, 218-219).
Accordingly, we disagree with the Supreme Court's determination to grant the defendants' motion for summary judgment dismissing the complaint.
RIVERA, J.P., CHAMBERS, AUSTIN and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court