■ KEVIN P. KELLY et al., Appellants, v CARLY C. GHEE et al., Respondents. [929 NYS2d 763]—

The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged, inter alia, that as a result of the subject accident, the injured plaintiff sustained certain injuries to the cervical region of his spine. However, the defendants failed to provide competent medical evidence establishing, prima facie, that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Torres v Torrano*, 79 AD3d 1124 [2010]; *Connors v Flaherty*, 32 AD3d 891, 893 [2006]). Furthermore, although the defendants contended that those alleged injuries were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]), the defendants' evidentiary submissions actually demonstrated the existence of a triable issue of fact as to whether those alleged injuries were caused by the subject accident (*see Coscia v 938 Trading Corp.*, 283 AD2d 538 [2001]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (*id.*).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.