■ JOSEPH E. LUBY, Appellant, v DANIEL TSYBULEVSKIY et al., Respondents. [931 NYS2d 902]—

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged that as a result of the subject accident, the cervical and lumbosacral regions of his spine, as well as his left shoulder, sustained certain injuries. On their motion for summary judgment dismissing the complaint, the defendants argued that those alleged injuries were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 579 [2005]). However, the defendants' submissions revealed the existence of a triable issue of fact as to causation (*see Kelly v Ghee*, 87 AD3d 1054, 1055 [2011]; *cf. Sforza v Big Guy Leasing Corp.*, 51 AD3d 659, 660-661 [2008]; *Jaramillo v Lobo*, 32 AD3d 417 [2006]).

Moreover, the defendants' motion papers failed to adequately address the plaintiff's claim that he sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919, 920 [2010]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Rivera, J.P., Florio, Eng, Hall and Cohen, JJ., concur.