■ Robert S. Rampino et al., Respondents, v Steven J. Shaffren et al., Appellants. [936 NYS2d 214]—

The defendants met their prima facie burden of showing that the plaintiff Robert S. Rampino did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Rampino alleged, inter alia, that as a result of the subject accident, he sustained injuries to the cervical and lumbosacral regions of his spine. On the motion for summary judgment, the defendants submitted evidence establishing, among other things, prima facie, that the alleged injuries to the cervical and lumbosacral regions of Rampino's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Rodriguez v Huerfano*, 46 AD3d 794, 795 [2007]). Although the defendants also attempted to establish, prima facie, that those alleged injuries were, in any event, not caused by the accident, they failed to do so, as their evidentiary submissions actually demonstrated the existence of a triable issue of fact as to causation (*see Luby v Tsybulevskiy*, 89 AD3d 689 [2011]; *Kelly v Ghee*, 87 AD3d 1054, 1055 [2011]; *see also Hightower v Ghio*, 82 AD3d 934, 935 [2011]).

In opposition, Rampino submitted evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbosacral regions of his spine constituted serious injuries under the permanent consequential limitation of use and/or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 217-218 [2011]). Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Rampino. Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.

---

Motion by the respondents on appeals from an order of the

Supreme Court, Kings County, dated March 22, 2011, to dismiss the appeal of the defendant Steven J. Shaffren. By decision and order on motion of this Court dated July 8, 2011, the motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion, upon the papers filed in opposition thereto, and upon the submission of the appeals, it is

Ordered that the motion is denied. Mastro, A.P.J., Balkin, Chambers and Sgroi, JJ., concur.