■ CAMILLE HOWELL, Appellant, v CLAIRE M. SKODY, Respondent. [936 NYS2d 679]—

The defendant met her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiff alleged, inter alia, that as a result of the subject accident, she sustained certain injuries to the cervical and lumbar regions of her spine. The defendant submitted evidence establishing, prima facie, that the alleged injuries to those regions of the plaintiff's spine did not constitute serious injuries within the meaning of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]). Although the defendant further argued that those alleged injuries were not caused by the subject accident (*see Pommells v Perez*, 4 NY3d 566, 569 [2005]), her submissions revealed the existence of a triable issue of fact as to causation (*see Luby v Tsybulevskiy*, 89 AD3d 689 [2011]; *Kelly v Ghee*, 87 AD3d 1054 [2011]; *see also Hightower v Ghio*, 82 AD3d 934, 935 [2011]).

In opposition, the plaintiff submitted competent medical evidence raising a triable issue of fact as to whether the alleged injuries to the cervical and lumbar regions of her spine constituted serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Perl v Meher*, 18 NY3d 208, 218-219

[2011]). Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint. Angiolillo, J.P., Florio, Leventhal and Lott, JJ., concur.