■ MICHAEL D. KEARNEY et al., Appellants, v MICHAEL K. GARRETT et al., Respondents. [938 NYS2d 349]—

The defendants failed to meet their prima facie burden of showing that the plaintiff Michael D. Kearney (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The plaintiffs alleged that as a result of the subject accident, the injured plaintiff's left knee sustained certain injuries. Although the defendants attempted to establish, prima facie, that those alleged injuries did not constitute a serious injury within the meaning of Insurance Law § 5102 (d) (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 352; *Gaddy v Eyler*, 79 NY2d at 955-956), the defendants' examining orthopedist recounted, in an affirmed report submitted in support of the motion for summary judgment, that range-of-motion testing performed during the examination revealed the existence of a significant limitation of motion in the knee (*see Scott v Gresio*, 90 AD3d 736, 736 [2011]). Furthermore, to the extent that the defendants also attempted to establish, prima facie, that those alleged injures were not caused by the subject accident, the defendants failed to do so, as their evidentiary submissions actually demonstrated the existence of a triable issue of fact as to causation (*see Rampino v Shaffren*, 90 AD3d 884, 885 [2011]; *Luby v Tsybulevskiy*, 89 AD3d 689 [2011]; *Kelly v Ghee*, 87 AD3d 1054, 1055 [2011]).

Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint, without regard to the sufficiency of the papers submitted by the plaintiffs in opposition (*see Scott v Gresio*, 90 AD3d at 736; *Kelly v Ghee*, 87 AD3d at 1055). Skelos, J.P., Dickerson, Hall, Roman and Cohen, JJ., concur.