■ SANTOS MARQUEZ, Appellant, v PETER J. BROWER et al., Respondents, et al., Defendants. [952 NYS2d 282]—

The defendants Peter J. Brower, the Town of Hempstead, and the Town of Hempstead Sanitation Department (hereinafter collectively the Town defendants) failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the Town defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented him from performing substantially all of the material acts which constituted his usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Mugno v Juran, 81 AD3d 908 [2011]).

Since the Town defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (id. at 909).

Accordingly, the Supreme Court should have denied the Town defendants' motion for summary judgment dismissing the

complaint insofar as asserted against them. Mastro, J.P., Florio, Leventhal, Belen and Cohen, JJ., concur.