■ CARMEN CRUZ, Plaintiff, and MARIA RODRIGUEZ, Respondent, v ADVANCED CONCRETE LEASING CORP. et al., Appellants. [954 NYS2d 491]—

While we affirm the order appealed from, we do so on a ground different from that relied upon by the Supreme Court. The defendants failed to meet their prima facie burden of showing that the plaintiff Maria Rodriguez did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.,* 98 NY2d 345, 350 [2002]; *Gaddy v Eyler,* 79 NY2d 955, 956-957 [1992]). Rodriguez alleged that, as a result of the subject accident, which occurred on June 20, 2008, she sustained certain injuries to her knees, her left shoulder, the lumbar region of her spine, and her left thumb. On their motion for summary judgment, the defendants argued that those alleged injuries did not constitute serious injuries within the meaning of Insurance Law § 5102 (d), and that Rodriguez's injuries were not caused by the subject accident, since Rodriguez had been previously injured as a result of a trip-and-fall accident which occurred in October 2005. However, the defendants' submissions showed the existence of significant limitations in the range of motion of Rodriguez's left shoulder and the lumbar region of her spine, in addition to revealing the existence of a triable issue of fact as to the cause of her alleged injuries (*see Kearney v Garrett,* 92 AD3d 725, 726 [2012]; *Howell v Skody,* 91 AD3d 824, 824 [2012]; *Scott v Gresio,* 90 AD3d 736, 736 [2011]; *Luby v Tsybulevskiy,* 89 AD3d 689 [2011]; *Kelly v Ghee,* 87 AD3d 1054, 1054 [2011]).

Moreover, the defendants failed to adequately address Rodriguez's claim that she sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Aujour v Singh,* 90 AD3d 686, 686 [2011]; *Bangar v Man Sing Wong,* 89 AD3d 1048, 1049 [2011]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to consider whether the papers submitted by Rodriguez in opposition were sufficient to raise a triable issue of fact (*see Kearney v Garrett,* 92 AD3d at 726; *Scott v Gresio,* 90 AD3d at 736).

Accordingly, the defendants' motion for summary judgment

dismissing the complaint insofar as asserted by Rodriguez was correctly denied. Angiolillo, J.P., Balkin, Austin and Miller, JJ., concur.