In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (F. Rivera, J.), dated July 20, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address the plaintiffs claim, set forth in the bill of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (see Cruz v Advanced Concrete Leasing Corp., 101 AD3d 666, 667 [2012]; Marquez v Brower, 99 AD3d 869 [2012]).
Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Accordingly, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Rivera, J.P., Dickerson, Leventhal and Lott, JJ., concur.