*695 In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Queens County (Butler, J.), dated December 17, 2012, which denied their motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.
Ordered that the order is affirmed, with costs.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Although the defendants contended that the alleged injury to the thoracolumbar region of the plaintiffs spine did not constitute a serious injury within the meaning of Insurance Law § 5102 (d), they failed to provide competent medical evidence establishing, prima facie, that the alleged injury did not constitute a serious injury under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Snyder v Rivera, 98 AD3d 1104,1105 [2012]; Kelly v Ghee, 87 AD3d 1054, 1055 [2011]). Moreover, despite maintaining that the alleged injury was not caused by the subject accident, the defendants’ own evidentiary submissions demonstrated the existence of a triable issue of fact as to whether that alleged injury was caused by the subject accident (see Snyder v Rivera, 98 AD3d at 1105; Kelly v Ghee, 87 AD3d at 1055).
In light of the defendants’ failure to meet their prima facie burden, it is unnecessary to consider the sufficiency of the plaintiffs opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Therefore, the Supreme Court properly denied the defendants’ motion for summary judgment dismissing the complaint. Skelos, J.P., Chambers, Sgroi and Hinds-Radix, JJ., concur.