■ PABLO CABRERA, Appellant, v JACK C. MAGUSSEN, Respondent. [11 NYS3d 862]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated March 27, 2014, which granted the defendant's motion for summary judgment dismissing the complaint and denied his cross motion for summary judgment on the issue of liability.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the defendant's motion for summary judgment dismissing the complaint, and substituting therefor a provision denying the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff allegedly was injured while he was riding his bicycle on College Point Boulevard, southbound, in Queens, when he came into contact with a vehicle operated by the defendant.

In support of the defendant's motion for summary judgment dismissing the complaint, he submitted, inter alia, the transcripts of his deposition testimony as well as the plaintiff's deposition testimony. Given the differing testimony as to how this accident occurred, the defendant failed to establish, prima facie, that he was not at fault in the happening of the subject accident and that the alleged negligence of the plaintiff was the sole proximate cause of the subject accident (*see Arias v Tiao*, 123 AD3d 857, 859 [2014]; *Calderon-Scotti v Rosenstein*, 119 AD3d 722, 724 [2014]). Since the defendant failed to demonstrate his prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied his motion, regardless of the sufficiency of the plaintiff's opposition papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

The Supreme Court properly denied the plaintiff's cross motion for summary judgment on the issue of liability. The plaintiff, in support of his cross motion, failed to establish, prima facie, his freedom from comparative fault in the happening of the subject accident and that the defendant's alleged violation of Vehicle and Traffic Law § 1141 was the sole

proximate cause of the accident (*see Koeppel-Vulpis v Lucente*, 110 AD3d 851, 852 [2013]). Since the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law, his cross motion was properly denied (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Rivera, J.P., Dickerson, Miller and Duffy, JJ., concur.