■ Francis Cabrera, Respondent, v N. Shivecharan, Respondent, and Sankardial Yamraj et al., Appellants. [25 NYS3d 344]—

In an action, inter alia, to recover damages for personal injuries, the defendants Sankardial Yamraj and Jairaj Yamraj appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Agate, J.), dated June 6, 2014, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident and granted that branch of the cross motion of the defendant N. Shivecharan which was for summary judgment dismissing the cross claims asserted against her.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the cross motion of the defendant N. Shivecharan which was for summary judgment dismissing the cross claims asserted against her, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Sankardial Yamraj and Jairaj Yamraj payable by the defendant N. Shivecharan, and one bill of costs to the plaintiff payable by the defendants Sankardial Yamraj and Jairaj Yamraj, and the cross claims against the defendant N. Shivecharan are converted into third-party causes of action.

The plaintiff commenced this action to recover damages for personal injuries resulting from a three-car motor vehicle accident that occurred on North Conduit Avenue in Queens. The plaintiff allegedly sustained personal injuries when a vehicle that he was driving was struck in the rear by a vehicle operated by the defendant N. Shivecharan. Shivecharan's vehicle was struck in the rear by a vehicle operated by the defendant Jairaj Yamraj and allegedly owned by the defendant Sankardial Yamraj (hereinafter together the Yamraj defendants). The parties dispute whether Shivecharan's vehicle was struck in the rear by the Yamraj vehicle before or after Shivecharan's vehicle struck the plaintiff's vehicle.

The Yamraj defendants moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. Shivecharan cross-moved for summary judgment

dismissing the complaint and the Yamraj defendants' cross claims against her on the ground that she was not at fault in the happening of the accident. The Supreme Court denied the Yamraj defendants' motion and granted Shivecharan's cross motion.

The Yamraj defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Their experts found significant limitations in the ranges of motion of the cervical and lumbar regions of the plaintiff's spine (see Miller v Bratsilova, 118 AD3d 761 [2014]), and their evidentiary submissions demonstrated the existence of a triable issue of fact as to whether the alleged injuries to those regions were caused by the accident (see Straussberg v Marghub, 108 AD3d 694, 695 [2013]; Kearney v Garrett, 92 AD3d 725, 726 [2012]).

Since the Yamraj defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]). Therefore, the Supreme Court properly denied the Yamraj defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.

However, the Supreme Court should have denied that branch of Shivecharan's cross motion which was for summary judgment dismissing the cross claims asserted against her. In support of her cross motion, she submitted, inter alia, the transcripts of her deposition testimony and the deposition testimony of the plaintiff and Jairaj Yamraj. Given the differing testimony as to how the accident occurred, Shivecharan failed to establish, prima facie, that she was not at fault in the happening of the accident and that the alleged negligence of the plaintiff and Jairaj Yamraj was the sole proximate cause of the accident (see Cabrera v Magussen, 130 AD3d 664 [2015]; Vavoulis v Adler, 43 AD3d 1154, 1155 [2007]; cf. Gavrilova v Stark, 129 AD3d 907, 909 [2015]). Since Shivecharan failed to establish her prima facie entitlement to judgment as a matter of law, that branch of her cross motion which was for summary judgment dismissing the cross claims asserted against her should have been denied, without regard to the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d at 324). Since the complaint was dismissed insofar as asserted against Shivecharan, we convert the cross claims against

Shivecharan into third-party causes of action (*see Kumar v PI Assoc., LLC*, 125 AD3d 609, 612 [2015]; *Soodoo v LC, LLC*, 116 AD3d 1033, 1034 [2014]). Mastro, J.P., Leventhal, Austin and LaSalle, JJ., concur.