■ JORDAN MILLER, Appellant, v KEITH JOHNS et al., Respondents. [46 NYS3d 896]—In an action to recover damages for

personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Slobod, J.), dated December 7, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that he did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). Contrary to the Supreme Court's determination, the defendants' evidentiary submissions demonstrated the existence of a triable issue of fact as to whether the alleged injury to the lumbar region of the plaintiff's spine was caused by the accident (*see Straussberg v Marghub*, 108 AD3d 694, 695 [2013]; *Kearney v Garrett*, 92 AD3d 725, 726 [2012]).

Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint. Dillon, J.P., Chambers, Sgroi, Maltese and Barros, JJ., concur.