Hernandez v Pagan Corp. (2019 NY Slip Op 05392)





Hernandez v Pagan Corp.


2019 NY Slip Op 05392


Decided on July 3, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2018-01407
 (Index No. 510029/14)

[*1]Maria Hernandez, appellant, 
v
Pagan Corporation, et al., respondents.


Mallilo & Grossman, Flushing, NY (Ankesh Sharma of counsel), for appellant.
Baker, McEvoy, Morrissey & Moskovits, P.C., Brooklyn, NY (Robert D. Grace of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Paul Wooten, J.), dated July 5, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on March 27, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the motion, and the plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical region of her spine and her left knee under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Mercado v Mendoza, 133 AD3d 833, 834). Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical region of the plaintiff's spine and the plaintiff's left knee were not caused by the accident (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Grant, 92 AD3d 725, 726). In addition, the papers submitted by the defendants failed to adequately address the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761).
Since the defendants failed to meet their initial burden of establishing their prima facie entitlement to judgment as a matter of law, it is unnecessary to determine whether the [*2]plaintiff's submissions in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, J.P., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court