Gui Hyun NA v Five Stars Trucking, Inc. (2019 NY Slip Op 08657)





Gui Hyun NA v Five Stars Trucking, Inc.


2019 NY Slip Op 08657


Decided on December 4, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
HECTOR D. LASALLE
BETSY BARROS, JJ.


2018-06782
 (Index No. 708358/14)

[*1]Gui Hyun Na, appellant, 
v
Five Stars Trucking, Inc., et al., respondents.


Andrew Park, P.C., New York, NY, for appellant.
Goldberg, Miller & Rubin, P.C., New York, NY (Alexander W. Cogbill and Matthew D. Lavoie of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), entered April 13, 2018. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on June 10, 2014. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. By order entered April 13, 2018, the Supreme Court granted the defendants' motion. The plaintiff appeals.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine and her right shoulder, as one of their experts found significant limitations in the range of motion of these body parts (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the defendants' evidentiary submissions demonstrated the existence of a triable issue of fact as to whether these alleged injuries were caused by the accident (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726). Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the submissions by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., AUSTIN, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court