Weiss v Durso (2019 NY Slip Op 08890)





Weiss v Durso


2019 NY Slip Op 08890


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
VALERIE BRATHWAITE NELSON, JJ.


2017-07359
 (Index No. 27022/11)

[*1]Christine Weiss, et al., respondents, 
v
Joan A. Durso, etc., et al., appellants, et al., defendant.


Law Offices of Richard M. Sands, P.C., Freeport, NY (Jared S. Behr of counsel), for appellants.
Suris & Associates, P.C., Melville, NY (Raymond J. Suris, Brian T. Murtha, and Susan R. Nudelman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants Joan A. Durso and Michael D. Durso appeal from an order of the Supreme Court, Suffolk County (Ralph T. Gazzillo, J.), dated March 15, 2016. The order denied those defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Christine Weiss did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff Christine Weiss (hereinafter the injured plaintiff), and her husband suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained by the injured plaintiff in a motor vehicle accident on October 7, 2009. The defendants Joan A. Durso and Michael D. Durso (hereinafter together the moving defendants) moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In an order dated March 15, 2016, the Supreme Court denied the motion, and the moving defendants appeal.
The moving defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). They failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as one of their experts found significant limitations in the range of motion of the lumbar region of the injured plaintiff's spine (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nunez v Teel, 162 AD3d 1058, 1059; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the moving defendants failed to establish, prima facie, that the alleged injury to the lumbar region of the injured plaintiff's spine was not caused by the subject accident (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garrett, 92 AD3d 725, 726).
Accordingly, we agree with the Supreme Court's determination to deny the moving defendants' motion for summary judgment dismissing the complaint.
SCHEINKMAN, P.J., RIVERA, CHAMBERS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court