Williams v Maleachern (2020 NY Slip Op 04998)





Williams v Maleachern


2020 NY Slip Op 04998


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2019-11318
 (Index No. 13562/16)

[*1]Arlene Williams, respondent, 
v
Raymond M. Maleachern, et al., appellants, et al., defendants.


Lifflander & Reich LLP, New York, NY (Kent B. Dolan and Roman E. Gitnik of counsel), for appellants.
Shaevitz, Shaevitz & Kotzamanis, Jamaica, NY (Maryellen David and Steven Barbera of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants Raymond M. Maleachern and North Shore Ambulance and Oxygen Service, Inc., appeal from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered July 11, 2019. The order denied those defendants' motion for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries she allegedly sustained in a motor vehicle accident that occurred on October 27, 2015. The defendants Raymond M. Maleachern and North Shore Ambulance and Oxygen Service, Inc. (hereinafter together the moving defendants), moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The Supreme Court denied the motion, and the moving defendants appeal.
The moving defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The moving defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use category or the significant limitation of use category of Insurance Law § 5102(d), as one of their submissions showed significant limitations in the range of motion of these body parts (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059). Further, the moving defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the plaintiff's spine were not caused by the accident (see Straussberg v Marghub, 108 AD3d 694, 695; Kearney v Garret, 92 AD3d 725, 726).
In addition, the papers submitted by the moving defendants failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Calucci v Baker, 299 AD2d 897). While the moving defendants relied upon the transcript of the plaintiff's deposition testimony to establish, prima facie, their entitlement to summary judgment under the 90/180-day category, this evidence failed to identify the plaintiff's usual and customary activities during the specific relevant time frame, and did not compare the plaintiff's pre-accident and postaccident activities during that relevant time frame.
Since the moving defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, we agree with the Supreme Court's determination to deny the moving defendants' motion for summary judgment dismissing the complaint insofar as asserted against them.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court