Zahoudanis v United Parcel Serv. Gen. Servs. Co. (2021 NY Slip Op 08279)





Zahoudanis v United Parcel Serv. Gen. Servs. Co.


2021 NY Slip Op 08279


Decided on March 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, A.P.J.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-09776
 (Index No. 509998/16)

[*1]Mary Zahoudanis, respondent, 
v
United Parcel Service General Services Co., et al., appellants.


Kritzer Law Group, Smithtown, NY (David S. Kritzer and Karen F. Neuwirth of counsel), for appellants.
Glenn R. Marshall (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Kenneth J. Gorman, and Christopher Soverow], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Kathy J. King, J.), dated July 31, 2019. The order denied the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that she allegedly sustained in a motor vehicle accident on May 1, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court denied the defendants' motion, and the defendants appeal.
The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants' submissions failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that she sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Che Hong Kim v Kossoff, 90 AD3d 969; Rouach v Betts, 71 AD3d 977; cf. Richards v Tyson, 64 AD3d 760, 761). In addition, the defendants failed to submit competent medical evidence establishing, prima facie, that the plaintiff did not sustain a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as one of their experts found significant limitations in the range of motion of the lumbar region of the plaintiff's spine (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059; Mercado v Mendoza, 133 AD3d 833, 834; Miller v Bratsilova, 118 AD3d 761). Further, the defendants failed to establish, prima facie, that the alleged injury to the lumbar region of the plaintiff's spine was not caused by the subject accident (see Straussberg v Marghub, 108 AD3d 694, 695; Rodgers v Duffy, 95 AD3d 864, 866; Kearney v Garrett, 92 AD3d 725, 726).
Since the defendants failed to meet their prima facie burden in these regards, it is unnecessary to determine whether the plaintiff's submissions in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d at 969).
Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint.
MASTRO, A.P.J., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court