Doubleday v Ferdous (2022 NY Slip Op 04535)

Doubleday v Ferdous

2022 NY Slip Op 04535

Decided on July 13, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 13, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
JOSEPH A. ZAYAS, JJ.

2020-05771
 (Index No. 613165/18)

[*1]Cynthia Doubleday, et al., appellants,
v
Tashif Ferdous, et al., respondents.

Winkler Kurtz, LLP, Port Jefferson Station, NY (Jason W. Hake of counsel), for appellants.
Scahill Law Group, P.C., Bethpage, NY (Gerard Ferrara of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Stephen L. Braslow, J.), dated May 8, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Cynthia Doubleday did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Cynthia Doubleday (hereinafter the injured plaintiff) in a motor vehicle accident that occurred on August 12, 2015. The defendants moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 8, 2020, the Supreme Court granted the defendants' motion, and the plaintiffs appeal.
The defendants failed to meet their prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the cervical and lumbar regions of her spine under either the permanent consequential limitation of use category or the significant limitation of use category of Insurance Law § 5102(d), as their experts found significant limitations in the range of motion of these body parts (see Singleton v F & R Royal, Inc., 166 AD3d 837, 838; Nuñez v Teel, 162 AD3d 1058, 1059). Further, the defendants failed to establish, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine were not caused by the accident (see Cortez v Nugent, 175 AD3d 1383, 1384; Straussberg v Marghub, 108 AD3d 694, 695).
Since the defendants failed to meet their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiffs in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.
BRATHWAITE NELSON, J.P., IANNACCI, WOOTEN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court