Meyn v Monforte (2022 NY Slip Op 07443)

Meyn v Monforte

2022 NY Slip Op 07443

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-03709
 (Index No. 608287/18)

[*1]Jennifer Meyn, appellant, et al., plaintiff,
v
Angelo Monforte, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Leigh J. Katz (Lewis Johs Avallone Aviles, LLP, Islandia, NY [Caroline K. Hock], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiff Jennifer Meyn appeals from an order of the Supreme Court, Suffolk County (Stephen Braslow, J.), dated May 5, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff Jennifer Meyn did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiffs commenced this action, inter alia, to recover damages for personal injuries allegedly sustained by the plaintiff Jennifer Meyn (hereinafter the injured plaintiff) in a motor vehicle accident that occurred on November 1, 2016. The defendant moved for summary judgment dismissing the complaint on the ground that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. In an order dated May 5, 2020, the Supreme Court granted the defendant's motion. The injured plaintiff appeals.
The defendant failed to meet his prima facie burden of showing that the injured plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant failed to submit competent medical evidence establishing, prima facie, that the injured plaintiff did not sustain a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d), as one of the defendant's experts found significant deficits in the range of motion of the lumbar region of the injured plaintiff's spine (see Flood v Fillas, 172 AD3d 1175, 1176; Singleton v F & R Royal, Inc., 166 AD3d 837, 838). Further, the defendant failed to establish, prima facie, that the alleged injury to the lumbar region of the injured plaintiff's spine was not caused by the accident (see Cortez v Nugent, 175 AD3d 1383, 1384; Straussberg v Marghub, 108 AD3d 694, 695).
Since the defendant failed to meet his prima facie burden, it is unnecessary to [*2]determine whether the papers submitted by the injured plaintiff in opposition were sufficient to raise a triable issue of fact (see Che Hong Kim v Kossoff, 90 AD3d 969).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court